ALPIN J. CAMERON, executor, &c.,

*v.*

MARY JANE CROWLEY et al.

[Decided February 4th, 1907.]

A will authorizing the testator's daughter by her will "to dispose of" a fund "to and among" his grandchildren "in such shares and in such manner as she shall think right and proper," gave her a non-exclusive power of appointment, and hence the provision of her will, *excluding* two grandchildren in a *per capita* distribution of the fund, was invalid.

---

Heard on bill and answers.

This is a bill filed by Alpin J. Cameron. He is the surviving executor of the will of Alexander J. Cameron, and also the executor of the will of Alice E. Cameron. The defendants are the grandchildren of Alexander J. Cameron.

The object of the bill is to procure instructions concerning the complainant's duty as executor with respect to a matter arising under the wills of the two persons above named.

The will of Alexander J. Cameron contained a provision as follows:

"I direct that my said daughter, Alice E. Cameron, shall have power, and I hereby authorize and empower her, by her last will and testament, or writing in the nature thereof, to dispose of all the rest, residue and remainder of the said fund and proceeds of my share of said firm assets to and among my grandchildren, in such shares and proportions and in such manner as she shall think right and proper, as I have full confidence in her discretion and fairness."

The will of Alice E. Cameron contains a provision as follows:

"As my father, the late Alexander James Cameron, of Ridgewood, New Jersey, in his will stated that in case of my death that ten thousand dollars of the money he left should go to my sister, Mary Jane Crowley, I consider that her children, Mary Catherine Crowley and Daniel Cameron Crowley, are provided for, and would have their share in the estate of my father, the late Alexander James Cameron, and as the power has been given to me to divide the remainder of this said estate among the grandchildren as I might think proper and at my discretion, I think it right and just to make an equal division among the grandchildren now mentioned."

She named all of the grandchildren of Alexander J. Cameron except the children of Mary Jane Crowley, which latter are named Mary Catherine Crowley and Daniel Cameron Crowley.

The $10,000 referred to by Alice E. Cameron in her will is referred to in the will of Alexander J. Cameron as follows:

"Upon the death of my daughter Alice E. Cameron, I direct that my said trustee shall pay to my said daughter Mary Jane Crowley the sum of ten thousand dollars, and upon such payment her said annuity shall cease."

His will also provided that

"in case my daughter Mary Jane Crowley should die before my daughter Alice, then her said legacy of ten thousand dollars shall lapse, and shall not be payable to her children, but in such event shall go to my daughter Alice, then her said legacy of ten thousand dollars shall lapse, and shall children as aforesaid."

The will of Alexander J. Cameron further provided, with respect to the power of appointment given to Alice E. Cameron, that

"in case of her death without having disposed of it by her will or writing as aforesaid, I direct that it shall go and belong to my grandchildren, equally and *per capita.*"

Answers are filed on behalf of all the defendants, the grandchildren aforesaid, excepting Alpin W. Cameron, who is a son of Alpin J. Cameron, the complainant, and a grandson of Alexander J. Cameron, the donor of the power, concerning whom the bill states that

"said Alpin W. Cameron has relinquished and surrendered his right, title and interest of said distributive share of said fund, and has instructed your orator to distribute the same among the other grandchildren."

The contention on behalf of· Mary Catherine Crowley and Daniel Cameron Crowley, the children of Mary Jane Crowley, is that they, being grandchildren of Alexander J. Cameron, are within the class among the members of which the fund in question was to be distributed, and that since they are omitted from such distribution by the appointment contained in the will of Alice E. Cameron, such appointment is not a valid execution of the power vested in said Alice E. Cameron by Alexander J. Cameron, and therefore the said fund, in default of a valid appointment, must go in accordance with the will of Alexander J. Cameron and be distributed equally *per capita* among all of his grandchildren.

The answer ·of the other grandchildren is that the power of appointment was validly exercised, their contention being that the power was an exclusive one, and that Alice E. Cameron was vested with the right to exclude any of the grandchildren whom she might see fit to exclude.

*Mr. Cornelius Doremus,* for the complainant.

*Mr. William Pennington,* for the defendants Mary Catherine Crowley and Daniel Cameron Crowley.

*Mr. Marshall Van Winkle,* for the defendants Carrie L. Graydon and others, grandchildren of Alexander J. Cameron.

GARRISON, V. C. (after stating facts).

The sole question is whether, under the language of the will of Alexander J. Cameron vesting power in his daughter Alice E. Cameron,

"to dispose of the fund in question to and among my grandchildren, in such shares and proportions and in such manner as she shall think right and proper, as I have full confidence in her discretion and fairness,"

an exclusive or non-exclusive power of appointment was vested in Alice E. Cameron.

The industry of the various counsel in this case has resulted in briefs citing cases from many jurisdictions concerning this subject-matter. I do not find it necessary, however, to consider any other than those in our own courts. It has been well settled in this court by the previous decisions thereof that such a power as is contained in the language just quoted is non-exclusive. *Lippincott* v. *Ridgway, 10 N. J. Eq. (2 Stock.) 164 (Chancellor Williamson, 1854)*; *Wright* v. *Wright, 41 N. J. Eq. (14 Stew.) 382 (Chancellor Runyon, 1886)*; *Inglis* v. *McCook, 68 N. J. Eq. (2 Robb.) 27 (Chancellor Magie, 1904)*; see, also, *Den* v. *Crawford, 8 N. J. Law (3 Halst.) 90 (at p. 98) (Supreme Court, 1825)*.

In *Lippincott* v. *Ridgway, supra,* the language "unto such of the brothers and sisters," &c., was held to give to the donee of the power discretion to select which of the said persons should have the fund, but in the same will the language "that my said daughter shall in such case have power to dispose of the same among her brothers and sisters and their children in such proportions as she may think fit" was construed to confer a non-exclusive power, and it was held that each of the brothers and sisters was entitled to a portion of the fund.

In *Wright* v. *Wright, supra,* the power "to dispose of the same between my children and grandchildren as she may think proper," was held to be a non-exclusive power.

And these cases were cited and approved in *Inglis* v. *McCook, supra,* in which it was held that the power to divide the same among the lawful issue of the donor as the donee should direct was a non-exclusive power.

I cannot perceive any difference between the language of the various wills construed above and the language of the will under consideration in any substantial particular.

The power under consideration is to dispose of the fund *to and among* the grandchildren. It must, therefore, to satisfy this language, go *to* the said grandchildren and be disposed of *among* them. If one is omitted it has not gone *to* the grandchildren. I think, therefore, both upon authority and reason, that this must be held to be a non-exclusive power.

It is suggested that the use of the word "manner" by the donor implies the power of selection. The will provides that it shall go "to and among" the grandchildren "in such shares and proportions and in such manner" as the donee shall think right and proper. I cannot accede to this argument. The donor clearly indicates to whom it shall go, but leaves to the donee the power to determine the proportions and manner in which it shall go. The "manner" has reference to the way in which it shall be enjoyed, whether directly or in trust, immediately or at a postponed date, and other like matters.

If authority is needed for such construction of the word "manner," the following cases may be consulted: *White* v. *Wilson, 1 Drewry 298; Seibels* v. *Whateley, 2 Hill Eq. 605 (S. C., 1837); Cowles* v. *Brown, 4 Call 477 (Va., 1803); Hill* v. *Jones, 65 Ala. 214 (1880); Maitland* v. *Baldwin, 70 Hun 267; 24 N. Y. Supp. 29 (N. Y., 1893); Boyle's Estate, 5 W. N. C. 363 (Penna., 1878).*

It is also suggested that the fact that the donor recited in the clause granting the power that he had full confidence in the fairness and discretion of the donee is indicative of intention to vest in her the power of selection. I do not think this argument is sound. I think it does show that he intended to confide in her discretion and fairness as to the shares and proportions, and as to the manner in which the fund should be distributed. I do not think that it in any way indicates that because of his confidence he confided in her discretion the power of selection as to the persons. I may remark, in passing, that this whole matter has been set at rest in England by statute. *Powers of Appointment Act, 37* and *38 Vic. c. 37 (1874).*

I conclude in this case that the power vested in Alice E. Cameron was not validly exercised by her, and therefore there is a failure thereof, and as a consequence the fund goes as is directed by the will of the donor of the power, and is distributable among all of his grandchildren equally, *per capita.*

Whether Alpin W. Cameron, the son of the complainant, who is a grandchild of the donor, has disentitled himself to a share by reason of the instrument referred to by the complainant in the bill I do not determine, since the instrument is not before me and the said Alpin W. Cameron is not a party.

I will advise a decree as above indicated.