Robert Beattie died January 29th, 1910, leaving him surviving his widow (by his second marriage), Ruth W. Beattie, and the following children: William H. Beattie and Kate B. Adams, by his first marriage, and Robert Beattie, Jr., and Frank K. Beattie, by his second marriage. Robert Beattie, Jr., died January 12th, 1919, without issue. William H. *Page 368 
Beattie died April 15th, 1931, leaving him surviving his son, John A. Beattie, as his only issue.
Robert Beattie, Sr. (hereinafter called testator), left a will, by the fourth clause of which he gave to his executors and trustees one hundred and fifty shares of Beattie Manufacturing Company, in trust to pay the income to his wife, Ruth, for life, "and upon her death to divide and transfer and assign the said shares among and to those of my children then surviving or the issue of any deceased child as my said wife may by her last will and testament direct; and if my said wife fails by her last will and testament so to direct, then to divide and transfer and assign the said shares among and to those of my children as may be then surviving share and share alike, or the issue of any deceased child per stirpes."
By the ninth clause of said will the testator gave the residue of his estate to his executors and trustees, in trust to pay the income to his said wife for life and, in addition to income, so much of principal as she might require for her support, "and upon her death to divide assign and transfer the remainder among and to my children then surviving or the issue of any deceased child as my said wife may by her last will and testament direct. And if my said wife fails by her last will and testament so to direct then to divide and transfer and assign the said remainder among and to those of my children then surviving share and share alike, or the issue of any deceased child per stirpes."
Ruth W. Beattie, wife of the testator, died September 15th, 1937, leaving a will dated November 29th, 1926, wherein she exercised the power of appointment given by her husband's will, in the following language:
"Third. In execution of the power given to me in and by the fourth paragraph of the last will and testament of my late husband, Robert Beattie, I hereby direct the executors and trustees of my said husband's said will to divide, assign and transfer the one hundred and fifty shares of the capital stock of the Beattie Manufacturing Company in said paragraph mentioned to the following named children of my said husband, if they shall survive me, in manner following, to wit; one hundred and twenty-five (125) of said shares to Frank Kitchen Beattie; fifteen (15) of said shares to Kate B. Adams and ten (10) of said shares to William H. Beattie. *Page 369 
"Fourth. In execution of the power given to me in and by the ninth paragraph of the last will and testament of my late husband, Robert Beattie, I hereby direct the executors and trustees of my said husband's said will to divide, assign and transfer the remainder of my said husband's residuary estate, in said paragraph mentioned, in manner following to wit; one-half thereof to Frank Kitchen Beattie; one-fourth thereof to Kate B. Adams; and one-fourth thereof to William H. Beattie."
Mrs. Beattie's will was executed after the death of Robert Beattie, Jr., and prior to the death of William H. Beattie. The question presented is as to the devolution of the property over which powers of appointment were given Mrs. Beattie by her husband's will and the determination involves the validity of her attempted exercise of the powers.
In determining what effect Mrs. Beattie's exercise of the powers of appointment should have, consideration should be given to the testator's purpose as expressed in his will. It is apparent he intended that the portion of his estate to which he made the power applicable, should vest in his children (subject to a life interest) contingent only upon their surviving his wife, and in the issue of such of them as might predecease her, such issue to stand in the deceased parent's place. Instead of himself deciding and directing the proportions or shares his beneficiaries should take, he left that decision to his wife, evidently meaning her to be guided by conditions or circumstances arising after his death and intending to adopt her decision as his own. Under a proper exercise of the powers each appointee would take as the beneficiary of the testator and not through his wife. She professed to execute the powers in proper form and by proper instrument and having thus directed that the estate should not be divided equally among the testator's children, should the appointment fail wholly because a child predeceased her? The consequence following such failure is an equal division among the testator's children and the issue of the child who died, pursuant to that clause of the testator's will which provided how the estate should be divided in case his wife failed to exercise the powers. Since she did exercise the powers, would not the intent and purpose of the testator be effectuated by allowing *Page 370 
the two of testator's children who survived the wife to take their vested shares in the proportions allotted to them under the powers, and by holding that the other vested share passed to the issue of the third child in whom it had vested contingent upon his surviving the testator's wife?
It seems to me that the latter construction of the operation of the powers would conform to the testator's scheme as disclosed by his will, but the obstacle to so deciding is the language used by the testator in conferring the powers which, being unambiguous, must be construed strictly. The testator directed his executors and trustees to divide the estate in question as his wife might direct, among and to his children surviving his wife and the issue of any deceased child, thus making the powers limited and non-exclusive. It is settled by decisions of this court that under a non-exclusive power of appointment the donee must designate a portion of the fund to each and every person among and to whom the testator directed the fund to be divided. The death of testator's son, Robert Beattie, Jr., prior to the death of testator's wife, leaving no issue, limited those entitled to take under an exercise of the powers to the testator's surviving children and to the issue of such of them as might die leaving issue. In attempting to execute the powers, the wife made provision for the testator's three children then living but none for their issue should any of them predecease her. The testator's son, William, was one of the three, but he died five years thereafter, whereupon his son became entitled to be included with the testator's surviving children, as one of those to whom the testator directed his estate should go. The testator's wife survived William six years but she did not re-execute the powers so as to include William's son in a division of the estate and I must therefore conclude that she failed to execute the powers vested in her in the manner directed by the testator. Cameron
v. Crowley, 72 N.J. Eq. 681, and cases cited. It is useless to speculate as to the reason for her failure. Since there was no valid exercise of the powers according to the testator's direction, the estate in question passes as provided by his will, to and is distributable among the testator's *Page 371 
children who survived his wife, namely Kate B. Adams and Frank K. Beattie and to John A. Beattie (only issue of William H. Beattie)per stirpes, each to take an equal one-third thereof.