The bill of complaint was filed to obtain a construction of the will of Mary Caroline Richards and the will of her daughter, Edith Gray Richards. The matter was submitted on the pleadings and a stipulation of facts.
Mary C. Richards died on April 29th, 1898, and her will was duly probated. Article "Fourth" of her will created a trust under which certain payments were to be made to her daughters, and then provided as follows:
"Upon the death of my daughter Edith it is my will that the principal of my property undisposed of shall be divided among my surviving children and grand-children in such shares as my daughter Edith shall by her Last Will and Testament or Instrument in the nature of a Will direct and appoint. In the event of my daughter failing to appoint it is my will that the said undisposed principal of my estate shall be divided among my children share and share alike, the issue of a deceased child of mine to take the share the parent would have taken if living."
Edith G. Richards survived her mother and died a resident of New York, September 26th, 1943. Her will was duly probated. Under the will, Edith G. Richards attempted to exercise the power mentioned in her mother's will, in the following language: *Page 436 
"Fifth: WHEREAS the will of my mother, MARY CAROLINE RICHARDS, which was probated in the Surrogate's Office of Morris County, Morristown, New Jersey, on May 9th, 1898, purports to give me a power of appointment of my said mother's residuary estate in accordance with the terms of Article `Fourth'
thereof, to the surviving children and grand-children of my mother; and
"WHEREAS, it is my desire to exercise the said power if I may legally do so; and
"WHEREAS, there is doubt as to whether or not the trust created by my mother's said Will has terminated and as to whether I have become entitled to the whole or part of the principal of the said trust; and
"WHEREAS, it is my desire that the principal of the said trust, or my proportion thereof, as the case may be, shall be disposed of as hereinafter set forth, either pursuant to the exercise of the said power or under the terms of this, my Will,
"I give, devise and bequeath the principal of the said estate, or my share thereof in the exercise of the said power or otherwise, as follows:
"One-fourth (1/4th) thereof to each of the following:
 CONSTANCE BULLARD DIMOCK JOHN RICHARDS BULLARD MARY WRIGHT LAMPSON EDITH WRIGHT
"If any of the foregoing shall have predeceased me, I direct that his or her one-fourth (1/4th) share be added to that of the survivors."
Edith G. Richards took nothing more than a life interest in the income under her mother's will and was given the power of appointment as to the principal.
Mary Caroline Richards was survived by five children; to wit,
1. Mary August Bullard, who died July 9th, 1926, survived by two children, the defendants Constance Bullard Dimock and John Richards Bullard.
2. William Guy Richards, who died June 30th, 1912, survived by one child, the complainant herein.
3. Caroline Isabel Richards Wright, who died May 19th, 1925, survived by a son, Butler Wright, who died December 4th, 1939, leaving two daughters him surviving.
4. Edward Osgood Richards, who died May 1st, 1928, without issue him surviving.
5. Edith Gray Richards, who died September 26th, 1943, and left no issue surviving.
An amended bill of complaint was filed by complainant which contained the following prayers: *Page 437 
(a) for a determination of the validity and effect of the attempted exercise of the power of appointment contained in the will of Edith Gray Richards, and
(b) for a construction of the alternative clause contained in item "Fourth" of the will of Mary Caroline Richards, wherein she sought to provide for the disposition of the trust estate in default of an appointment by Edith.
The first question is whether or not the power of appointment given to Edith was exclusive or non-exclusive. 49 C.J., Powers,§§ 51, 52, states:
"A power is exclusive when there is granted to the donee the right to appoint to any of the designated objects to the exclusion of others; and so such a power may be exercised by the donee by appointing to such of the objects, excluding others, and in such share, as he may see fit.
"A power of appointment is nonexclusive when no right of selection among the objects or of exclusion of any of them is given to the donee. So, under a power containing no words of exclusion, the property must be so distributed, if the power is exercised, that all the objects shall have some portion of it, and the exclusion of any member of the designated class in making the appointments invalidates the attempted exercise of the power. Unless an intention is shown in the instrument creating a nonexclusive power of appointment that the appointees shall take shares as he thinks fit, subject to the rules relating to illusory appointments."
According to the foregoing rules the power given to Edith was non-exclusive. See, also, Cameron v. Crowley, 72 N.J. Eq. 681,684, and cases cited therein.
Since I conclude that the power was non-exclusive, it becomes necessary to determine whether or not the attempted exercise of the power was valid and effective. Edith Gray Richards appointed equal one-quarter shares to Constance B. Dimock and John R. Bullard (children of Mary A. Bullard, who was a daughter of Mary Caroline Richards), and to Mary Wright Lampson and Edith Wright Bundy (grandchildren of Caroline I. Richards Wright, a daughter of Mary Caroline Richards). She made, however, no appointment to complainant, Dorothy Richards Hopkins, a daughter of William Guy Richards, (a son of Mary Caroline Richards).
It appears, therefore, that Edith G. Richards failed to exercise the power in the manner directed by the donor. Her *Page 438 
failure to do so makes the attempted exercise invalid and inoperative and the trust fund passed, therefore, according to the alternative provisions of the will of the donor. Cameron v.Crowley, supra; Beattie v. Adams, 123 N.J. Eq. 367.
It is urged that the execution of the power is valid in part since Edith did appoint a portion to Constance B. Dimock and her brother, John, who are grandchildren of the donor.
My attention has been called to a New Jersey case by which it is contended our courts recognized and adopted the so-called rule of partial validity. The decisions in Cameron v. Crowley,supra, and Beattie v. Adams, supra, hold that the failure to appoint to all those designated in the donor's will, results in the devolution of the gift under the alternative provisions laid down by the donor.
It is argued that in the case of White v. Graves,104 Atl. Rep. 205 (not officially reported), Vice-Chancellor Lane followed and applied the rule of partial validity. A careful examination of that opinion discloses, however, that he did not. While the Vice-Chancellor said that the appointment of a share to the widow of testator's deceased son "is admittedly void" and that it "does not vitiate the valid appointments," his ultimate conclusion was that the power was, in fact, properly exercised as to the whole of the property. He determined that the share which was appointed to the widow of the deceased son, under the terms of the residuary clause of the will of the donee, passed to her daughter, and concludes with this language:
"I think, therefore, that there was an appointment by the will of Mary J. Graves of the illegally appointed quarter to Mary R. White."
It, therefore, may appear that the opinion in the White Case
is susceptible of being misunderstood as authority for the recognition of the doctrine of partial validity but, as a matter of fact, it is not. The opinion merely holds that under the facts present in that case, the donee did validly exercise the power of appointment as to the whole of the appointed property.
Under article "Fourth" of Mary Caroline Richards' will, she provided for an alternative gift in the following language: *Page 439 
"In the event of my daughter failing to appoint it is my will that the said undisposed principal of my estate shall be divided among my children share and share alike, the issue of a deceased child of mine to take the share the parent would have taken if living."
The construction to be placed on such language is well settled by our cases. In Pierson v. Jones, 108 N.J. Eq. 453; affirmed,111 N.J. Eq. 357, Vice-Chancellor Berry, reviewing the cases pointed out that where the word "issue" is used in a will, it is to be given a restrained meaning when it is coupled with a phrase such as "which their respective parents (would have been taken or enjoyed) if living." When so used, it has been uniformly held that the language restricts the meaning of the word "issue" to the children of the first taker. Although in some of the cases it has been intimated that this rule is subject to criticism, it has invariably been held to be binding under the doctrine of staredecisis.
It, therefore, appears in the present case that under the will the alternative provision of the donor of the trust estate became effective upon the failure of a valid exercise of the power and the trust estate passed to the complainant, Dorothy Richards Hopkins, and to the defendants Constance Bullard Dimock and John Richards Bullard, in the following proportions: One-half to Dorothy; one-quarter to Constance; one-quarter to John, the only "issue" of such of the donor's children who survived Edith. This is so because it must be said to have been the donor's intention under the last above quoted language of article "Fourth" of her will, that the division should be per stirpes and not percapita. See Kahn v. Rockhill, 132 N.J. Eq. 188, 194;affirmed, 133 N.J. Eq. 300.
The books, silver and plate owned by Mary Caroline Richards at her death, under article "Second" of her will, were bequeathed to Edith in the following language:
"* * * for and during the term of her natural life (I give to Edith) the use of all my books and of my silver and plate."
There being no express gift over, of these items, they pass as part of the residue or "undisposed principal," and in the same manner as the principal of the trust fund.
I will advise a decree in accordance with these views. *Page 440