[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 436 
Plaintiff by this suit seeks construction of the last will and testament of Charles Harvey Russell who died on February 3, 1936, and by his last will and testament duly probated by the surrogate of the County of Union provided as follows:
"FIRST: I appoint my wife, Marion Byrne Russell, my sole executrix and direct her to pay all of my funeral expenses and all of my just debts, from my personal property, which I hereby give and bequeath to her, together with all of my property, both real and personal, *Page 437 
for her sole use during her life and including all of my equity in the capital stock of all Companies, as shown by the certificates in my possession or deposited as collateral for loans, at the time of my death; all bonds and other securities; all of my interest in the property at 953 Kenyon Avenue, Plainfield, Union County, New Jersey, including my automobiles AND accessories and all of my jewelry, silverware and household goods; all of my equity in the Queen City and Home Building 
Loan Association, of Plainfield, New Jersey; all of my interest in the lot and buildings, being lot number 25, Block 2, in Westmont Avenue, North Lavallette, Ocean County, New Jersey and all furnishings therein; all funds deposited with the State Trust Company, of Plainfield, New Jersey, either in joint account with my wife, Marion Byrne Russell, or in my own name.
"SECOND: I earnestly request my wife, Marion Byrne Russell, at her demise, to bequeath what there is then remaining of the estate as described above, or as it then is, or shall be, as near as possible, to the individuals, then living and in the same proportions, as set forth in the third paragraph of this will.
"THIRD: Should I survive my wife, Marion Byrne Russell, I appoint my son, William H. Russell, my daughter, Margaret Russell Hedges and my son, Philip Norman Russell, my executors and direct them to pay all of my funeral expenses and all of my just debts, from my personal property and dispose of the remainder of my property, both real and personal, as follows, to wit; One fourth to my son, William H. Russell (who is to divide one fourth of his share, equally, among his children, namely, Margaret Russell Ackerman, of Detroit, Michigan; Margaret Russell Bonsor, Junior, and Charles H. Russell Bonsor, of San Francisco, California), one fourth to my daughter, Margaret Russell Hedges, Plainfield, New Jersey, one fourth to my son, Philip Norman Russell, Plainfield, New Jersey, and one fourth to my son Howard Ewing Russell, Plainfield, New Jersey.
"FOURTH: Should I survive my wife, Marion Byrne Russell and my son William H. Russell, I direct my remaining executors to pay all of my funeral expenses and all of my just debts, from my personal property and dispose of the remainder of my property, both real and personal, as follows — one-tenth to be equally divided among the children of my son, William H. Russell, namely, Margaret Russell Ackerman, Margaret Russell Bonsor, Jr., and Charles Russell Bonsor; three tenths to my daughter, Margaret Russell Hedges; three tenths to my son Philip Norman Russell and three tenths to my son, Howard Ewing Russell."
The first question to be determined is what estate did Marion Byrne Russell take under the first paragraph of the will? Plaintiff contends that she took an absolute estate in fee simple. The defendants contend that she took a life estate and that the testator died intestate as to the remainder. *Page 438 
The bequest in the first paragraph of the will to Marion Byrne Russell undoubtedly gave her a life estate with an implied power of disposal. The words employed by the testator in creating this estate are specific and simple. He gave his estate to his wife "* * * for her sole use during her life * * *." The matter comes squarely within the second rule laid down by the Court of Errors and Appeals in Trafton v. Bainbridge, 125 N.J. Eq. 474,6 Atl. (2d) 209, that
"* * * Where the first bequest or devise to A is in terms indicating clearly that only a life estate is intended to be given, only a life estate passes, notwithstanding there be also given to A a power of absolute disposal of the property, even if such power be without any limit or restriction as to the time or manner of its execution, A does not take a fee, but a life estate plus the power of disposal, and a subsequent gift to B, at A's death, of such part of the property as remains undisposed of, is valid and effective. Pratt v. Douglas, 38 N.J. Eq. 516;Wooster v. Cooper, supra; Weaver v. Patterson, 92 N.J. Eq. 170; Gaston v. Ford, supra."
The second question to be determined is what disposition does the will make of the remainder of testator's property? In the second paragraph the testator earnestly requests his wife at her death to bequeath what there is then remaining of the estate to the individuals then living and in the same proportions as set forth in the third paragraph of his will. Here it is argued that these words are merely precatory and not mandatory. In 40 Cyc.(at page 1404) the following general rule is stated:
"Words in a will which are merely expressive of a desire or intention on the part of the testator, and are merely advisory or precatory in character may be useful in resolving doubts in other parts of the will, but they do not amount to a testamentary disposition, and do not control or alter the express dispositions in the will unless it is apparent that it was the testator's intention that such words of desire or intention should be mandatory."
The will under consideration was apparently drafted by one not learned in the law. However, the intent of the testator to dispose of all of his property by his will and not to die intestate as to any part thereof is manifest throughout the will. The third, fourth and fifth paragraphs of the will deal with the disposition of testator's property in the event that his *Page 439 
wife or certain of his children predecease him. Considering the language used by testator in the second paragraph of his will in the light of his whole will, it is concluded that the testator intended to give to his wife the power to dispose of what remained of his estate by her will to the persons named and in the proportions as provided in the third paragraph of his will.
The third question to be determined is did testator's wife validly exercise such power of appointment? In the second paragraph of the will testator provides that his wife shall dispose of what remains at her death to the individuals then living as set forth in the third paragraph. The third paragraph of the will names the persons and proportions as follows: One-fourth to testator's son, William H. Russell, who is to divide one-fourth of his share equally among his three children, Margaret Russell Ackerman, Margaret Russell Bonsor, Jr., and Charles H. Russell Bonsor; one-fourth to testator's daughter, Margaret Russell Hedges and one-fourth each to testator's sons, Philip Norman Russell and Howard Ewing Russell.
Testator intended that the portion of his estate to which he made the power applicable should vest subject to the life estate in the persons whom he named, contingent only upon their surviving his wife. He provided that of the share given to his son, William H. Russell, one-fourth was to be divided among his three children. William H. Russell survived the testator but predeceased testator's wife, and it seems clear that the testator intended that his children should take their share whether or not he was living at the death of the wife. It is true that the will directs the son to make the division among his children but his death will not defeat testator's intention as to the children. The only effect of his death was to increase the portions of the other beneficiaries.
Testator's wife died on November 10, 1946, leaving a will dated September 13, 1946, wherein she executed the power of appointment given to her by her husband's will in the following language: *Page 440 
"Third: All the rest, residue, and remainder of the property and estate, real, personal and mixed, and wherever situate, of which I may die seized or possessed, or to which I may in any wise be entitled, or which I may have the power to dispose of under any will, deed or other instrument, I give, devise and bequeath to those of my said children, Margaret Russell Hedges, Philip Norman Russell, and Howard Ewing Russell, who shall survive me, and to the surviving issue of any of them who shall die before me, in equal shares, per stirpes and not per capita."
Inasmuch as testator directed his wife to dispose of what remained in his estate to certain named persons, it must be held that the power of distribution which he gave her was limited and non-exclusive, and if one of the persons whom testator's will directs is to receive part of the estate is omitted, then the power of appointment is not validly exercised. Cameron v.Crowley, 72 N.J. Eq. 681, 65 Atl. 875; Beattie v. Adams,123 N.J. Eq. 367, 198 Atl. 201. The failure to exercise such power results in the distribution among the persons named and as directed by the will of the donor of the power. Cameron v.Crowley, supra; Beattie v. Adams, supra.
Testator's wife in exercising the power in her will only included Margaret Russell Hedges, Philip Norman Russell and Howard Ewing Russell, and excluded the children of William Hedges Russell. Therefore the power vested in Marion Byrne Russell was not validly exercised by her and the children of William H. Russell are entitled to share in the estate of the testator with the said Margaret Russell Hedges, Philip Norman Russell and Howard Ewing Russell in the proportions as set forth in the third paragraph of the will.
Upon the death of Marion Byrne Russell, plaintiff was appointed substituted administrator. It is stipulated herein in writing filed that there are no unpaid debts of the estate and so distribution may be made directly to those entitled thereto without the interposition of an administrator with the will annexed. In re Woodruff, 134 N.J. Eq. 299,35 Atl. (2d) 461.
Judgment in accordance herewith. *Page 441