ROBERT W. BALDWIN ET AL., APPELLEES, V. RONALD G. BALD-
WIN, APPELLANT.

2 N. W. (2d) 23

FILED JANUARY 23, 1942.  No. 31259.

*Thomas J. Keenan,* guardian *ad litem, Sloans, Keenan & Corbitt* and *Braden C. Johnston,* for appellant.

*Kelly & Deming* and *Preston T. McAvoy, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is an action to construe a will and to quiet title in the appellees to 1,720 acres of land in Blaine county, Nebraska. The facts are not in dispute. It is admitted that Beecher B. Baldwin, the testator, died and that his will was properly admitted to probate in Nebraska; that his widow, Mary A. Baldwin, died without remarrying; that the appellant, Ronald G. Baldwin, is a minor, a resident of Kansas, and the only child of a predeceased son of the testator; that, in the absence of a will, he would inherit, as an heir, a one-sixth interest in the real estate described in the plaintiffs' petition. The parts of the will necessary for consideration in the instant case are as follows:

"Second: I give, devise and bequeath unto my beloved wife, Mary A. Baldwin, for her use and benefit during her lifetime, or so long as she remains single, all the property of which I may be possessed at the time of my decease, including real estate, personal and mixed, but in case she should again marry the above bequest is to terminate and become void, and in that event I direct that all of the properties belonging to my said estate consisting of real estate, personal and mixed, be distributed among my heirs as provided in the Compiled Statutes of Nebraska for the year 1922 with the exception of my grandchild, Ronald G. Baldwin, who is to receive but Two Hundred ($200) Dollars, all others to participate under the provisions of this (will) are as follows, to wit: Mary A. Baldwin, Mollie A. Sterricker, Robert W. Baldwin, Cedric M. Baldwin, John C. Baldwin and Desdamona Chapin.

"Third: I further request and direct that One Thousand

($1,000) Dollars be paid to Roma Baldwin out of any moneys on hand before the final distribution and payment of the *pro rata* interest of the following heirs: Mollie A. Sterricker, Robert W. Baldwin, Cedric M. Baldwin, John C. Baldwin and Desdamona Chapin; in the event of the marriage or death of Mary A. Baldwin."

The district court decreed that Ronald G. Baldwin had no interest in the real estate and quieted title in the appellees; also that the appellant was entitled to the sum of $200 as provided in the will, in any event, and no more. The appeal is from the judgment of the court in so construing the will.

Section 76-109, Comp. St. 1929, provides in part: "In the construction of every instrument * * * or conveyance of any real estate, * * * it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with the rules of law."

The rule applicable in this state in construing a will, as stated by numerous decisions, is as follows: "In the construction of a will, the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law, and in this connection circumstances relating to the will may be considered." *Lehman v. Wagner*, 136 Neb. 131, 285 N. W. 124.

The appellant contends that the second paragraph of the will is not ambiguous; that the testator's intention as to the disposition of his property was to dispose of it in a certain manner, in the event his widow remarried, but made no provision in the event that she died without remarrying, and consequently the property would descend to the heirs as provided for by law in an intestate estate; in other words, the testator failed to make complete disposition of his property, and he having failed to do so, the court cannot now, by construction, add such provision to his will, or make a will for him.

It is apparent from the will that the testator intended to give to his wife, Mary A. Baldwin, all of his property, real, personal or mixed, as long as she did not marry. She had a life estate under the imposed condition. He likewise expresses his intention, as far as his heirs at law are concerned, in the event his widow remarried. He specifically names each of them and each is to have his interest in the estate vested. Note the language: "And in that event I direct that all of the properties belonging to my said estate consisting of real estate, personal and mixed, be distributed among my heirs as provided in the Compiled Statutes of Nebraska for the year 1922 (he then makes an exception) with the exception of my grandchild, Ronald G. Baldwin, who is to receive but Two Hundred ($200) Dollars." This exception clearly indicates that the testator intended Ronald G. Baldwin to have $200 and no more; otherwise, it is clear, his name would have been included with the other heirs named in the distribution of the testator's property of every kind, in the event his wife, Mary A. Baldwin, remarried. In so naming his heirs, the testator includes the name of Mary A. Baldwin, his wife. This means: If she does remarry she receives an interest in the testator's estate, but her life interest in all of his property ceases.

In the third paragraph of the will, the 1,000-dollar bequest to Roma Baldwin is a specific bequest. The testator intended such devisee should have this bequest "out of any moneys on hand before the final distribution and payment of the *pro rata* interest of the following heirs:" He then specifically names them. In so doing he eliminates and omits the name of his wife, Mary A. Baldwin. In naming those to receive his property, he uses the language: "All others to participate under the provisions of this (will) are as follows:" etc.

Analyzed, the third paragraph, in omitting the name of the testator's wife, Mary, makes clear that the testator was providing for the disposition of his property in the event of Mary A. Baldwin's death; otherwise, her name would not have been specifically omitted. His intention expressed in the will obviously is as follows:

(1) Mary A. Baldwin, his wife, to have a life estate in all of his property, real, personal or mixed, as long as she does not remarry.

(2) Ronald G. Baldwin, his grandson, to have $200 in any event, and he is excepted from any participation in any other property of the testator's estate.

(3) Mary A. Baldwin to have an interest in all of his property, devoid of the life estate, in the event she remarried, as provided for by the statutory provisions controlling descent.

(4) Roma Baldwin to have $1,000 before *pro rata* distribution is made to certain heirs, which the testator specifically names. He uses the language: "In the event of the marriage or death of Mary A. Baldwin." It is clear that the testator, in using the language "or death" and omitting the name of Mary A. Baldwin, his wife, in the third paragraph, intended to and did dispose of the whole of his estate under either contingency,—the remarriage or death of Mary A. Baldwin.

We have carefully reviewed the cases of *Hunter v. Miller*, 109 Neb. 219, 190 N. W. 583, *Graff v. Graff*, 136 Neb. 543, 286 N. W. 788, and other cases cited by appellant. While we recognize the similarity of the situation in the two cited cases to the case at bar, the language of the will in the instant case is different, and this court is required to abide by the paramount rule in construing wills,—that a will must be construed from the intent of the testator expressed therein, and this intention must be given effect, if possible. In obedience thereto, we conclude that the trial court placed the proper construction on the will in the instant case.

AFFIRMED.