IDA W. DUMOND, APPELLANT, v. LEWIS W. DUMOND, JR. ET AL., APPELLEES.

51 N. W. 2d 374

Filed January 18, 1952. No. 33057.

*Keenan & Corbitt,* for appellant.

*C. Russell Mattson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to partition 160 acres of land in Fillmore County. The plaintiff alleged that she was entitled to an undivided one-half interest in the land under the provisions of a will executed by her husband, Lewis W. Dumond, Sr., now deceased. The trial court found for the defendants and plaintiff appeals.

The record shows that plaintiff and Lewis W. Dumond, Sr., were wife and husband, residing in California at the time of the husband's death on December 25, 1948. He left surviving him as heirs at law or devisees under his will, Ida W. Dumond, his wife, the plaintiff herein, and the defendants Lewis W. Dumond, Jr., a son, and Lewis W. Dumond III, a grandson. All are of adult age and competent.

The deceased, Lewis W. Dumond, Sr., left a holographic will which was duly admitted to probate in the State of California. Ancillary proceedings for the probate of the will in this state were had in Fillmore County. The will was admitted to probate on April 29, 1949, and

no appeal was taken. The plaintiff alleges that the will devises an undivided one-half interest in the land to her and an undivided one-fourth interest to each of the defendants, Lewis W. Dumond, Jr., and Lewis W. Dumond III. The defendants assert that the will devises an undivided one-half interest in the land to each of the defendants and that the plaintiff has no interest therein under the terms of the will.

The provision of the will giving rise to the dispute is as follows: "I devise to my son Lewis W Dumond Jr. and to my grandson Lewis W Dumond 3d each one undivided half one half interest in my farms located north east of Fairmont, County of Filmore Nebraska the legal description being East ½ of South East ¼ of section 3 and south ½ of North West ¼ sec. 2." The meaning of the words "each one undivided half one half interest in my farms" controls the result of the case as to the issues presented here.

In construing a will a court is required to give effect to the true intent of the testator insofar as it can be collected from the whole instrument, if such intent is consistent with applicable rules of law. Bodeman v. Cary, 152 Neb. 506, 41 N. W. 2d 797; Dennis v. Omaha National Bank, 153 Neb. 865, 46 N. W. 2d 606. Extrinsic evidence is not admissible to determine the intent of the testator as expressed in his will unless there is a latent ambiguity. Borah v. Lincoln Hospital Assn., 153 Neb. 846, 46 N. W. 2d 166. Such evidence is not admissible to determine the intent of the testator where the ambiguity is patent and not latent. In re Estate of Pfost, 139 Neb. 784, 298 N. W. 739. A patent ambiguity is one which appears upon the face of the instrument. It must be removed by construction according to settled legal principles and not by evidence, and the intention of the testator is to be determined from the four corners of the will itself. The controverted provision of the will in the case here presented is one appearing upon

the face of the instrument and is therefore a patent ambiguity.

The intent of the testator in using the words "each one undivided half one half interest in my farms" must therefore be ascertained within the four corners of the will without the assistance of extrinsic evidence. The will was wholly in the handwriting of the testator. That the testator was a layman unskilled in the drafting of wills is self-evident. No other specific devise appears in the will. The residuary clause makes the plaintiff the residuary devisee and legatee. If, as contended by the plaintiff, the disputed words devise only an individed one-fourth interest to each of the two defendants, the plaintiff takes one-half as the residuary devisee under the will.

In determining the intent of the testator when he used the controverted words, the court should place itself in the shoes of the testator, ascertain his intention, and enforce it. In so doing it is important to remember at all times that the testator was unskilled in the field of will drafting. It seems clear to us that the testator intended to dispose of his farms in Fillmore County by specific devise. In so doing he specifically named only his son, Lewis W. Dumond, Jr., and his grandson, Lewis W. Dumond III. His wife is not mentioned. The disputed words do not mention a one-fourth interest in connection with the devise of the lands in question. If a one-fourth interest had been intended for anyone, it would have been easy and natural for even a layman to have said so in plain and unambiguous language. It seems to us that, when the testator names but two devisees and describes the undivided interests devised in terms of halves and one-halves and not by one-fourths, it indicates an intent to devise an undivided one-half to each of the two named devisees. This result is further supported, we think, by a general tendency on the part of a layman to dispose of the whole of the property

being devised in terms due to the fact that a layman would not ordinarily be familiar with the effect of a residuary clause upon a portion not devised. The plaintiff argues that the disputed words should be read as if the testator had made them read: "each one undivided half of one-half interest." It seems more consistent to us to say that the word "of" was intentionally left out and that the testator intended the words "one half interest" as a tautegorical explanation of the devise of an undivided half to each of the specifically named devisees. Such an intention is consistent with the general pattern of the will, the gift of the farms to the son and grandson of the testator, and all the rest of his property to his wife. We conclude that the testator intended by the language in question to devise an undivided one-half interest in the lands described to each of the two specifically named devisees, Lewis W. Dumond, Jr., and Lewis W. Dumond III, and that any other property, real or personal which he had or subsequently acquired, was to go to the plaintiff under the terms of the residuary clause of the will. The trial court so found and, we think, correctly so.

AFFIRMED.

WENKE, J., dissenting.

I dissent from the majority holding because, in my opinion, it does not give the ordinary and natural meaning to the language used by the testator in the following sentence of his will: "I devise to my son Lewis W Dumond Jr. and to my grandson Lewis W Dumond 3d each one undivided half one half interest in my farms located north east of Fairmont, County of Filmore Nebraska the legal description being East ½ of South East ¼ of section 3 and south ½ of North West ¼ sec 2." (Underscoring mine.)

The majority holding has the effect of eliminating from this sentence either the word "half" or words "one half." From the very beginning in the study of

arithmetic I was taught that half one half equals one fourth.

SIMMONS, C. J., and MESSMORE, J., concur in this dissent.