HAROLD M. GAUGHEN ET AL., APPELLANTS, V. LEONARD GAUGHEN ET AL., APPELLEES, IMPLEADED WITH ALICE JOAN EMANUEL ET AL., APPELLANTS.

107 N. W. 2d 652

Filed February 24, 1961. No. 34881.

*William G. Line,* for appellants.

*Edward Asche* and *George E. McNally,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action to construe the will of Martin F. Gaughen, deceased.

Martin F. Gaughen was survived by three children, Harold M. Gaughen, Leonard Gaughen, and Marie Mundy. Harold M. Gaughen has two children, Leonard Gaughen has five children, and Marie Mundy has no children.

Harold M. Gaughen and his wife were the plaintiffs in the lower court. Leonard Gaughen, his wife and children, Marie Mundy and her husband, and the children, and the husband of one child, of the plaintiffs were the defendants.

The petition as amended requested a construction of that part of the will which made a devise of 240 acres of farmland in Dodge County, Nebraska. That part of the will, with the description of the property omitted, reads as follows: "I give and devise to my sons Harold Gaughen and Leonard Gaughen and my daughter Marie Mundy or to their spouses Mamie Gaughen, Thelma Gaughen and Leo Mundy, respectively, during their natural lives (description omitted); and in the event any of the spouses Mamie Gaughen, Thelma Gaughen or Leo Mundy should remarry, their life estate in the above described real estate shall cease; and upon the death of said life tenants or the remarriage of my children's spouses, Mamie Gaughen, Thelma Gaughen and

Leo Mundy, I give and devise the remainder of said real estate to the children of my son Leonard and the children of my son Harold, share and share alike and to the children born naturally of my daughter, Marie Mundy, if any, and in the event no children are born naturally to my daughter Marie, then I give and devise their share in said above described real estate to the children of my sons Harold and Leonard, share and share alike." The other provisions contained in the will have been omitted from the opinion because they are of no assistance in the construction of the portion quoted above. The parties do not contend otherwise.

The plaintiffs alleged that the will devised an undivided one-third interest in remainder to the children of Leonard Gaughen, an undivided one-third interest in remainder to the children of Harold M. Gaughen, and an undivided one-third interest in remainder to the natural-born children of Marie Mundy; and that in the event no children were born naturally to Marie Mundy, a one-third interest in remainder was to be distributed to the children of Harold Gaughen and Leonard Gaughen, share and share alike.

Alice Joan Emanuel, who is a daughter of the plaintiffs and is of age, and her husband filed a voluntary appearance in which they admitted the allegations of the petition and joined in its prayer.

Martin F. Gaughen, who is a son of Leonard Gaughen and is of age, filed an answer and cross-petition which alleged that the will was not ambiguous and provided for a per capita distribution of the remainder interest among the grandchildren of the testator. A similar answer and cross-petition was filed by the guardian ad litem for the other four children of Leonard Gaughen who are minors.

The trial court held that the will devised the remainder interest to the children of Leonard Gaughen, Harold Gaughen, and the natural-born children of Marie Mundy, share and share alike, or per capita and not per

stirpes. From that decree Harold M. Gaughen and his wife and children have appealed.

The question presented is whether the remainder interest devised to the grandchildren of the testator is to be distributed per capita or per stirpes.

The following statement from Dumond v. Dumond, 155 Neb. 204, 51 N. W. 2d 374, is applicable here: "In construing a will a court is required to give effect to the true intent of the testator insofar as it can be collected from the whole instrument, if such intent is consistent with applicable rules of law. Bodeman v. Cary, 152 Neb. 506, 41 N. W. 2d 797; Dennis v. Omaha National Bank, 153 Neb. 865, 46 N. W. 2d 606. Extrinsic evidence is not admissible to determine the intent of the testator as expressed in his will unless there is a latent ambiguity. Borah v. Lincoln Hospital Assn., 153 Neb. 846, 46 N. W. 2d 166. Such evidence is not admissible to determine the intent of the testator where the ambiguity is patent and not latent. In re Estate of Pfost, 139 Neb. 784, 298 N. W. 739. A patent ambiguity is one which appears upon the face of the instrument. It must be removed by construction according to settled legal principles and not by evidence, and the intention of the testator is to be determined from the four corners of the will itself. The controverted provision of the will in the case here presented is one appearing upon the face of the instrument and is therefore a patent ambiguity."

The testator in this case devised the remainder interest to the children of Leonard Gaughen and the children of Harold Gaughen, share and share alike, and to the natural-born children of Marie Mundy, if any. The general rule is that a devise or bequest to the children of two or more persons is distributed per capita unless a different intention is otherwise indicated in the will.

In Hill v. Bowers, 120 Mass. 135, the court said: "The general rule is that by a bequest to the children of A. and to the children of B., the children take per capita

and not per stirpes, in the absence of words indicating a different intention." See, also, Annotations, 16 A. L. R. 61, 78 A. L. R. 1404, 126 A. L. R. 175, 13 A. L. R. 2d 1054; 57 Am. Jur., Wills, § 1310, p. 867; 96 C. J. S., Wills, § 714, p. 94; Page on Wills (Lifetime Ed.), Vol. 3, § 1081, p. 287; Thompson on Wills (3rd Ed.), § 321, p. 483; Jarman on Wills (7th Ed.), Vol. 3, ch. XLII, part IV, p. 1687.

We find no indication in the will that the testator did not intend a per capita distribution. The use of the words "share and share alike" is an indication that the testator intended a per capita distribution.

In Kramer v. Larson, 158 Neb. 404, 63 N. W. 2d 349, the court held that a devise to the heirs at law and next of kin of the testator "share and share alike" required a per capita distribution among the beneficiaries designated. The court said: "The testator of the will in question by the phrase 'my heirs at law' designated his residuary beneficiaries and by the words 'share and share alike' he prescribed the manner in which they should take. The language used is appropriate to make the intention manifest. He thereby definitely indicated the quantum of the estate which each of his residuary beneficiaries should have. He did not intend that his 'heirs at law' should have the residue of his estate in the proportions provided by the statute as they would have taken if he had died intestate. That would not have been 'share and share alike.'"

The appellants contend that where a patent ambiguity exists and the will does not otherwise provide, there is a presumption that the testator intended that the distribution should follow the statute of descent. Although we do not consider it to be controlling in this case, we point out that under the statute of descent where the heirs of the deceased are lineal descendants who are all in the same degree of kindred to the deceased, they take equally. § 30-102, R. R. S. 1943.

The appellants also argue that "the children of my son

Leonard and the children of my son Harold" refers to two classes of beneficiaries but that "the children of my sons Harold and Leonard" refers to but one class. We do not agree that there is such a distinction between the words quoted. See Jarman on Wills (7th Ed.), Vol. 3, ch. XLII, part IV, p. 1687.

The appellants further argue that the testator did not intend a per capita distribution because he could have accomplished that result more easily by making the devise to "my natural-born grandchildren, share and share alike." The answer to this argument is that the testator did not want to restrict the class to natural-born grandchildren except in the case of the children of Marie, "if any."

The trial court held that the will devised the remainder interest to the children of Harold Gaughen and Leonard Gaughen and the children born naturally to his daughter, Marie Mundy, share and share alike, or per capita and not per stirpes. This was correct and to that extent the decree should be affirmed.

The decree also recited that the testator intended to have all of his grandchildren, the issue of Harold Gaughen, Leonard Gaughen, and Marie Mundy, share equally per capita as a single class and confirmed the title in the remainder interest in them. The decree should be modified to provide that all of the children of Harold Gaughen and Leonard Gaughen and the issue of Marie Mundy share in the remainder interest as a single class per capita, which class shall be subject to being opened to admit additional children of Harold Gaughen and Leonard Gaughen and issue of Marie Mundy. As so modified, the decree is affirmed.

AFFIRMED AS MODIFIED.