ESTATE OF WALTER L. EDWARDS, DECEASED, ROBERT L. EDWARDS, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5102–70. Filed May 18, 1972.

*Harry B. Kotler*, for the petitioner.
*Robert N. Ginsburg*, for the respondent.

### OPINION

GOFFE, *Judge:* The respondent determined a deficiency of $10,212.32 in the Federal estate tax against the Estate of Walter L. Edwards, deceased. Petitioner is executor of the estate.

The sole issue is whether the interest in property passing to decedent's widow under his last will and testament qualifies for the marital deduction or constitutes a terminable interest under section 2056(b) of the Code.[1]

All of the facts in this case have been stipulated. The stipulation of facts and exhibits attached are incorporated herein and adopted as our findings of fact.

Walter L. Edwards (hereinafter referred to as testator or decedent) died a resident of Union, Union County, N.J., on February 20, 1968, leaving a last will and testament which was admitted to probate in the Surrogate's Court of Union County, N.J.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

On March 5, 1968, Robert L. Edwards was appointed executor of the estate and at the time of filing the petition herein, he was a resident of Springfield, N.J.

The decedent was survived by his wife, Lottie M. Edwards (hereinafter referred to as Lottie), and one son, Robert, the petitioner herein, both of whom are still living.

The controversy herein centers around paragraph Second of the decedent's will which is as follows:

SECOND.—All the rest, residue and remainder of my estate, whether real, personal or mixed, of whatsoever kind, character or description and wheresoever situated, I give the unrestricted right to use any part or the whole thereof to my wife, LOTTIE M. EDWARDS, during her lifetime. So much of my residuary estate as remains unused or undisposed of by my wife at the time of her death, I direct shall go to my son, ROBERT L. EDWARDS, to him, his heirs and assigns forever.

Should my wife predecease me, my residuary estate is to go to my son, ROBERT L. EDWARDS, to him, his heirs and assigns forever.

The Federal estate tax return for the Estate of Walter L. Edwards was filed by the petitioner with the district director of internal revenue at Newark, N.J., on November 21, 1968. In the estate tax return, the petitioner claimed a marital deduction in the amount of $73,654.51, consisting of $20,786.62 in value of joint and survivor property, and $52,867.89 representing the value of property passing under paragraph Second of the will.

Respondent disallowed the marital deduction claimed on the return to the extent of $52,867.89, by his determination that the property interest passing to the widow under the provisions of paragraph Second of the will constituted a terminable interest as defined in section 2056(b).

The Transfer Inheritance Tax Bureau of the State of New Jersey levied an inheritance tax against the surviving spouse, Lottie M. Edwards, on the basis that the bequest to her was equivalent to a fee interest.

Petitioner contends that the widow receives under paragraph Second of the will a fee simple interest.

Respondent contends that the interest of the widow is not a fee simple, and further that the interest does not qualify for the marital deduction as a life estate coupled with a power of appointment, as the power is not exercisable by the widow in all events as required by section 2056(b)(5) because New Jersey law imposes on the widow a limitation that she may exercise the power of appointment only in good faith and that as a life tenant she holds the property as a trustee for the remainderman.

The parties agree that New Jersey law is controlling.

Under New Jersey law, if a testator uses language indicating an intent to create a life estate, nothing more is created, even though the lifetime beneficiary is also given an absolute, unrestricted, and unlimited power of disposition. *Trafton* v. *Bainbridge*, 125 N.J. Eq. 474, 6 A. 2d 209 (Err. & App. 1939).

If, however, the bequest is in general terms, expressing neither a life estate nor a fee simple interest, and also gives to the life tenant an absolute, unrestricted, and unlimited power of appointment, under New Jersey law the testator is deemed to have created a fee simple interest. *Trafton* v. *Bainbridge, supra,* and *Downey* v. *Borden,* 36 N.J. Law 460 (1872).

The absence or presence of a power of disposition in the grantee is not determinative of whether a life estate or fee simple interest is created. *Trafton* v. *Bainbridge, supra* at 212.

We conclude that the language in paragraph Second of the testator's will clearly expresses an intent to give a life estate. The interest is described in terms of the lifetime of Lottie. Similar language has been construed by the New Jersey courts to create life estates. *Burlington County Trust Co.* v. *Di Castelcicala,* 2 N.J. 214, 66 A. 2d 164 (1949); *Hedges* v. *Russell,* 1 N.J. Super. 434, 61 A. 2d 910 (Ch. 1948); and *Trafton* v. *Bainbridge, supra.*

It is immaterial that the State of New Jersey taxing authorities determined the interest to be fee simple and levied an inheritance tax thereon. *Estate of Harriet C. Evilsizor,* 27 T.C. 710 (1957).

We conclude that paragraph Second of the will created a life estate in the widow; therefore, we must determine whether it qualifies under section 2056(b)(5) as an exception to the definition of a terminable interest.

Section 2056(b)(5) specifies five conditions which must be satisfied in order for a power of appointment to qualify as an exception to the terminable interest definition. Respondent does not question that the power of appointment contained in paragraph Second of the will satisfies four of the five requirements. He urges, however, that Lottie does not possess the power to appoint in all events. In order for the power to be exercisable in all events, the surviving spouse must have the unrestricted power exercisable at any time during her lifetime to use any or all of the property, subject to the power and to dispose of the property in any manner including the power to dispose of it by gift. Sec. 20.2056(b)–5(g)(3), Estate Tax Regs.

Respondent contends that Lottie does not possess an unrestricted power to dispose of the property during her lifetime because New Jersey law imposes upon her a standard that she may exercise the power only in good faith and that she holds the property in trust for the

remainderman. Such restrictions, argues respondent, fall short of the requirement that a power of appointment in the life tenant, in order to qualify for the marital deduction, must be exercisable by the life tenant "in all events." Sec. 20.2056(b)–5(g)(3), Estate Tax Regs.

Respondent relies upon *Laval* v. *Osterhout*, 3 N.J. Super. 402, 65 A. 2d 866 (Ch. 1949). The will in that case gave to the widow "the use and possession of all [the testator's estate] during her life, except that she is not to foreclose any mortgage as long as the interest is being paid. At her death such possessions of mine as are then owned by her shall pass to my sisters." The court found, without further explanation, that the reference to " 'such possessions of mine as are then owned by her' *evinces* and *constitutes* an implied power of disposal to be exercised in good faith." (Emphasis added.) Earlier New Jersey cases cited by the Court did not address themselves to the "good faith" question.

*Laval* v. *Osterhout*, *supra*, is distinguishable because the language of the will in that case is not so broad as that in the instant case. The decedent herein gave his wife the *unrestricted* right to use the income and principal during her lifetime. We do not interpret *Laval* v. *Osterhout*, *supra*, to hold that all life tenants must exercise their power of disposition burdened with a requirement that it be exercised in good faith. Moreover, *Laval* v. *Osterhout* is not an opinion of the highest court of New Jersey and we find no cases decided by that court holding a life tenant must exercise a power of disposition in good faith. Accordingly, even if the court in *Laval* v. *Osterhout*, *supra*, intended to apply a limitation of good faith to a life tenant in his exercise of a power of disposition, that case is not determinative of State law so as to bind us to that result. *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967).

We likewise do not find respondent's argument persuasive that the life tenant is a trustee for the remainderman and, therefore, restricted in disposing of the property during her lifetime. Respondent relies upon *Burlington County National Bank of Medford* v. *Braddock*, 24 N.J. Super. 462, 94 A. 2d 868 (Ch. 1953). There are no cases decided by the highest court of New Jersey on this point. We do not interpret this case to hold that imposing upon the life tenant a trusteeship in any way limits the power of disposition by the life tenant.

In *Braddock*, three questions were presented to the court with respect to one of the trusts created by Braddock's will. They were: (1) Did the beneficiary receive a fee interest or a life estate; (2) if the beneficiary receives a life estate, did he have the power to invade corpus; and (3) if the provisions of the will create a trust, who should act as trustee? The court held that a life estate was created; the life

tenant could invade corpus; and no trustee was needed because the life tenant held the property in trust for the remaindermen. The language of this portion of the opinion gives us insight into the precise holding of the court:

Neither the occasion nor the carrying out of the intents and purposes of paragraph Sixth presently require the appointment of a trustee. The unrestricted use of the *corpus* devised by that paragraph was subject to no control by any third party. It rested in the sole discretion of the life tenant. Since a life tenant, *with or without powers of disposal*, in any event incurs the obligations of a trustee for the remaindermen, it is unnecessary for the enjoyment of a life estate that a trustee be appointed. Laval v. Osterhout, 3 N.J. Super. 402, 65 A. 2d 866 (Ch. Div. 1949). [Emphasis added. 94 A. 2d at 872.]

Imposing the trust upon a life tenant does not alter his power to invade the corpus granted him by the will. As the clear language of the opinion demonstrates, the life tenant is a trustee for the remaindermen whether he possesses the power of disposal or not. The trusteeship of the life tenant is directed toward the question of appointment of a trustee. In *Braddock*, as in the instant case, the life tenant is a trustee for the remaindermen for whatever remains after the life tenant exercises his lifetime power of disposal. We do not feel that *Braddock* stands for the proposition that a trust is created in the classical sense. Such a holding would encroach upon clear directions in the will that the life tenant has the unrestricted use of the property during lifetime, and that the property unused or undisposed of go to the remainderman upon the death of the life tenant.

We hold, therefore, that Lottie possesses a power of appointment exercisable in all events as contemplated by section 2056(b)(5) of the Code, and section 20.2056 (b)–5(g)(3), Estate Tax Regs.

The property passing to the widow under the provisions of paragraph Second of the will qualifies for the marital deduction.

*Decision will be entered for the petitioner.*