ROBERT T. RASMUSSEN, APPELLANT, v. MARGARET WEDGE, EXECUTRIX OF THE ESTATE OF ESTHER M. RASMUSSEN, DECEASED, APPELLEE.

212 N. W. 2d 637

Filed December 7, 1973. No. 39044.

Brock & Seiler and Lester R. Seiler, for appellant.

Bernard B. Smith for Smith Brothers, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, and CLINTON, JJ., and C. THOMAS WHITE, District Judge.

CLINTON, J.

This is an action for the construction of the will of

the defendant executrix' decedent. The will directed payment of inheritance and estate taxes from the "residuary estate." The only issue involved is whether a certain portion of the estate described in the will as "my farm real estate" and which the testatrix exempted from the mandatory liquidation provision of the will and as to which in the trust administration provisions she expressed the "wish" that it "not be sold, paid over or transferred, except for the most compelling or necessary reasons," was intended to be devised free from the burden of the federal estate tax. The trial court held it was free, adopting the construction urged by the executrix. The practical result of that construction was to prevent or diminish the full funding of a trust established by the will for the benefit of the plaintiff. The plaintiff appeals. We affirm.

The decedent executed the will in question on August 20, 1969, and died on September 26th of the same year. We summarize and quote portions of the will we deem pertinent to its construction. In the first paragraph of the will, the decedent identified her three children, Margaret Wedge, the executrix, Donald F. Rasmussen, and Robert T. Rasmussen, the plaintiff. In paragraph third she made certain specific bequests of tangible personal property to Margaret and Donald.

Paragraph fourth provided as follows: "I direct my Executors to pay all Federal and State estate, inheritance, succession, transfer or other death taxes which are assessed against my estate or any beneficiary including any such tax which may be so assessed by reason of property which may be included in my estate for such tax purposes whether or not so included for probate purposes, out of my residuary estate." In paragraph fifth, she sets forth the description of two specific tracts of real estate "hereafter described as my farm real estate." This paragraph makes no disposition of these tracts. She then in the same paragraph authorizes and directs the executor to "sell and dispose of all

the rest, residue and remainder of my estate, not herein specifically bequeathed, excepting however, my farm real estate." She then authorizes the executor to make and deliver deeds and bills of sale.

In paragraph sixth she states: "After the satisfaction and payment of all my just debts, costs and expense of administration and succession and inheritance taxes as above provided, I give and bequeath the residue and remainder of my personal estate, including the proceeds derived from the liquidation of such residue and remainder, but not to exceed the sum of $20,000.00, to my daughter, MARGARET WEDGE, IN TRUST NEVERTHELESS, for the use and benefit of my son, ROBERT T. RASMUSSEN." She then directs that the income from the trust be used for the support of Robert and that any excess income be accumulated and added to the principal; she makes provision for the burial expense of Robert and directs that after his death any residue remaining of the trust pass to Margaret and Donald and Margaret's children.

Paragraph seventh establishes a trust, with Margaret again as trustee, of: "All the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situated," for the benefit of Margaret, Donald, and Margaret's son, Fred. This paragraph among others provides that if the income of the trust for Robert is "inadequate or insufficient, . . . equal amounts may be paid from the Trust of MARGARET WEDGE and the Trust of DONALD F. RASMUSSEN for his support and needs." This same paragraph authorizes the trustee to pay to Margaret and Donald the principal from their trust and states: "It is my wish, however, that the 'Farm Real Estate' not be sold, paid over or transferred, except for the most compelling or necessary reasons."

The general powers granted the trustee, but not the executor, include: "To borrow money for any purpose connected with the protection, preservation or improvement of my estate or of the trust estates whenever in

her judgment advisable, and as security to mortgage or pledge any real estate or personal property of which I may die seized or possessed or forming a part of the trust estates upon such terms and conditions as she may deem advisable."

The record shows by stipulation that all the personal property and real estate other than the farm real estate has been sold, that federal estate tax in the amount of $26,858.08 has been paid, that the residue of the personal property is insufficient to fund the trust for Robert in the full amount of $20,000, and that the only property remaining in the trust for Margaret and Donald is the farm real estate.

The foregoing résumé establishes that: (1) The testatrix directed that the federal estate taxes (among others) be paid from her "residuary estate." (2) That after certain minor specific bequests she establishes from the balance of the estate two trusts: The first for Robert from the personal estate, but not to exceed $20,000; the second consisting of the residue, if any, of the liquidated and personal property and the farm real estate for the benefit of Margaret and Donald.

The ambiguity which creates the present controversy arises in part from the fact that in paragraph sixth reference is made to "payment of all my just debts, costs and expense of administration and succession and inheritance taxes," and reference to federal and state estate taxes is omitted. The plaintiff points out that the term "succession taxes" does not in the technical sense include estate taxes. McLaughlin v. Green, 136 Conn. 138, 69 A. 2d 289, 15 A. L. R. 2d 1210. From this he argues that it was the intention of the testatrix that the personal property from which the trust for his benefit is to be funded should bear no portion of the estate tax burden and that that tax should be charged wholly to the balance of the residuary estate, including the farm real estate. Any other construction would, he asserts, result in the possibility that his trust might not be

funded at all and so the intention of the testatrix would be defeated.

The executrix, on the other hand, argues that the words in paragraph sixth "as above provided" can refer back only to the direction of paragraph fourth to pay all the items there mentioned, including federal estate tax, and from the language of the whole will it is clear that the testatrix did not intend to charge any of these items against the farm real estate if there were other sources in the residuary estate, namely, the personal property and the proceeds of the sale of the real property other than the farm real estate from which such items could be paid. In effect, she argues that the omission of federal estate tax from paragraph sixth is, as is made clear by the will as a whole, an obvious inadvertence. The plaintiff counters with the argument that the general powers of the trustee granted in the will authorize her to borrow for the purpose of preserving the trust and thus the farm real estate should bear an equitable portion of the federal estate tax burden under the provisions of section 77-2108, R. R. S. 1943.

We note a further ambiguity and this involves the question of just what is the residuary estate. Does it include all the property disposed of in paragraphs sixth and seventh? Is the farm real estate excluded even though it is not disposed of by specific designation? We note also that if we accept the argument that the words "as above provided" incorporates the words "federal estate tax" omitted in paragraph sixth, then the incorporation must also include the words "out of my residuary estate." It can plausibly be argued that the direction in paragraph sixth establishing the trust for Robert from "my personal estate" after satisfaction of debts, expenses of administration, and taxes, recognizes that the personal estate, being part of the residuary estate, must bear a portion of the federal estate tax and thus may be diminished somewhat, but that it does not evidence any intention that the property which passes under

paragraph seventh including the farm real estate be exempt from the burden of federal estate tax. It can therefore be claimed that the provisions of section 77-2108, R. R. S. 1943, providing for apportionment of federal estate tax ought to be applied as between the properties passing under paragraphs sixth and seventh including farm real estate.

The fundamental principle applicable to the construction and interpretation of wills has been stated by this court many times. Both parties cite Cast v. National Bank of Commerce T. & S. Assn., 185 Neb. 358, 176 N. W. 2d 29, where this court stated: "The provisions and conditions of a will are to be construed by the courts with a view of carrying out the intention of the testator. The basic object of will construction is to ascertain the intent and purpose of the testator as shown by the will, and then to give that intention effect if not contrary to law. National Bank of Commerce Trust & Savings Assn. v. Crowell Memorial Home, 181 Neb. 341, 148 N. W. 2d 304. The intention which must be given effect is the intention which the testator expressed by the language employed in his will. In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793. . . . The intention of the testator is not to be ascertained by subtle rules of construction or obscure legal principles and technicalities, but by the ordinary meaning of the language employed by the testator in his will." The testator's intention as expressed in the will considered as a whole is controlling in determining whether a particular gift is exonerated from diminution under the statute providing for apportionment of taxes. Stuckey v. Rosenberg, 169 Neb. 557, 100 N. W. 2d 526.

Beginning at page 1170 of 72 A. L. R. 2d, are collected numerous cases in which courts have considered the question of whether or not certain specific property included in a residuary clause was nonetheless a specific devise or bequest. Those cases are not particularly helpful to us here and seem to be merely specific applica-

tions of the general principle of will construction which we have earlier cited.

Certain considerations gleaned from an examination of the will as a whole lead us to the conclusion that the testatrix did intend to exclude the farm real estate from the burden of estate expense, including federal estate taxes, as long as any other property was available for said purposes. The considerations are: (1) The special prominence she gives to the farm real estate, specifically describing it in paragraph fifth. (2) The direction to the executor to sell all property except the farm real estate. (3) The authorization in paragraph seventh to use the income of that trust for Robert if the income from his own trust is insufficient. (4) The clear evidence in paragraph seventh C showing that the testatrix anticipated the farm real estate would be the principal part of the trust established by paragraph seventh and the expression therein that: "It is my wish, however, that the 'Farm Real Estate' not be sold, paid over or transferred, except for the most compelling or necessary reasons." (5) The clear expectation in paragraph eighth that the principal of the trust after the death of Margaret and Donald of paragraph seventh pass to the grandson of the testatrix. (6) The fact that the power to borrow for the preservation of the trust is granted in paragraph tenth only to the trustee and that the executor as such has no such power. This has some significance in the light of the fact that it is the legal duty of the executor to pay the federal estate tax.

One stipulation of fact also has bearing on the determination of the intention of the testatrix when taken in connection with certain provisions of the will. It is agreed that only an undivided one-half interest in the farm real estate passes under the terms of the will. The testatrix had, prior to her death, conveyed the other undivided one-half to the beneficiaries of paragraph seventh. She appears to have known of the possibility that the one-half conveyed by her might be included in

her estate for estate and inheritance tax purposes as it in fact was. As we have already pointed out, the direction of paragraph fourth concerning payment of death taxes out of the residuary estate included death taxes on account of property "included in my estate for such tax purposes whether or not so included for probate purposes." It is at least arguably questionable whether she would seek to exclude from the burden of death taxes the one-half interest which she had earlier conveyed and still subject the remaining undivided one-half interest in the same property to that burden simply because it passed under the will.

Because, as we have earlier pointed out, the parties act upon the premise that all property passing under paragraph seventh is exhausted save the farm real estate we are not called upon to consider whether section 77-2108, R. R. S. 1943, would apply as between the personal property passing under paragraph sixth and from which the trust for Robert is to be funded and the property which would pass under paragraph seventh excepting the farm real estate.

It appears from the stipulation and the briefs that the parties have made a settlement, growing out of considerations other than those involved in this appeal, which has resulted in the trust for Robert being partially funded. What we have said here does not, of course, disturb that settlement.

The judgment of the lower court is affirmed.

AFFIRMED.