ESTATE OF YALE C. HOLLAND, DECEASED, GERTRUDE CAPSER HOLLAND, EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4226-73.    Filed June 30, 1975.

*C. E. Heaney, Jr.,* and *Jeffrey D. Toberer,* for the petitioner.
*Ronald M. Frykberg,* for the respondent.

OPINION

DAWSON, *Chief Judge:* Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $92,224.46. We must decide whether certain property interests passing to the widow of Yale C. Holland qualify for the marital deduction under section 2056, I.R.C. 1954.[1] In addition, we must determine the admissibility of certain evidence submitted by petitioner and objected to by the respondent.

The facts of this case have been fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference, although the admissibility of certain exhibits is discussed more fully later in this opinion.

---

[1] All statutory references herein are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

Yale C. Holland (decedent) died on May 24, 1969, a citizen of the United States and a resident of Omaha, Douglas County, Nebr. He left a last will and testament executed on July 8, 1967, which was duly admitted to probate in the County Court of Douglas County, Nebr., on June 30, 1969.

The petitioner, Gertrude Capser Holland, is the duly appointed and qualified executrix of the decedent's estate. Her legal residence at the time the petition was filed herein was in Omaha, Nebr.

The Federal estate tax return for the decedent's estate was filed with the District Director of Internal Revenue at Omaha, Nebr., on July 27, 1970. The decedent was survived by his wife, Gertrude Capser Holland, a brother, Lyle C. Holland, and a sister, Vivian Holland O'Brien. No children survived the decedent.

The decedent was a practicing attorney in Omaha, Nebr., for over 50 years. Lyle C. Holland, decedent's brother, was a practicing attorney in Lincoln, Nebr., for over 40 years.

A decree on final account in the Estate of Yale C. Holland was entered by the County Judge of the County Court of Douglas County, Nebr., on September 28, 1970. No application for construction of decedent's will was filed in the County Court, and no issue was raised in the probate proceeding regarding the construction of the will.

The Decree of Final Account shows that in the last will and testament of decedent, he made specific bequests of $2,000 each to his brother and sister, while "all the rest, residue, and remainder of his Estate was devised and bequeathed to his surviving spouse, Gertrude Capser Holland."

In the Federal estate tax return a marital deduction in the amount of $328,931.61 was claimed. In the statutory notice of deficiency the respondent determined that $262,821.84 of the amount claimed was with respect to property in which the surviving spouse received a nonqualifying terminable interest. The balance of the deduction claimed, or $66,109.77, consisting of insurance payable to the surviving spouse and jointly held property, was allowed by the respondent. A separate adjustment in the notice of deficiency relating to valuation of a partnership interest by respondent has been conceded by the petitioner.

In paragraph V of the decedent's last will and testament it is provided, in relevant part, that:

## V

I give, devise and bequeath to my beloved wife, Gertrude Capser Holland, all the rest, residue and remainder of my Estate, real, personal and mixed, wherever situated. * * * with full power to sell, mortgage, or dispose of, in her discretion and as she may see fit, all or any part of said property, and likewise to use, in any way that she may see fit, the proceeds of any such sale, mortgage or other disposition. It is my will and my intention that she shall not be restricted in any manner from using or disposing of all or any part of said property, and that if she conveys or otherwise disposes of the same or any part thereof the grantor from her shall obtain a full and complete fee simple title, free from any claims on the part of any of my heirs or devisees.

It is my wish and desire that at the death of my wife what remains of the Estate which she may have inherited from me, together with the increase, income and proceeds thereof and therefrom may pass to my sister Vivian and my brother Lyle and be equally divided between them as to value, the manner of the division to be such as they may mutually agree upon. Should either my sister or my brother, or both of them, die prior to the death of my wife then it would be my wish that the children of the deceased parent should receive the share that the parent would otherwise have received.

Respondent contends that under Nebraska law the interest in property passing to decedent's wife under the language of paragraph V of his will, above, is not a fee simple, but a life estate with limited power to use and dispose of the property. Thus, he argues that the interest passing to decedent's widow does not qualify for the marital deduction as either a fee simple or a life estate with a power of appointment within the scope of section 2056(b)(5).[2]

Petitioner, on the other hand, contends that the language found at paragraph V of decedent's will, is sufficient under Nebraska law to convey fee simple title to his surviving spouse, and qualifies for the marital deduction under section 2056(a). In the alternative, petitioner contends that paragraph V granted to decedent's surviving spouse a life estate with full power of

---

[2] In relevant part, sec. 2056(b) (5) provides that an interest qualifying for the marital deduction is found:

* * * In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse * * *

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

appointment which qualifies for the marital deduction under section 2056(b)(5).

Under section 2056(a) the value of a taxable estate is determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to a surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. This deduction is referred to as the "marital deduction." Sec. 20.2056(a)-1(a), Estate Tax Regs. The allowable aggregate amount of a marital deduction may not exceed 50 percent of the value of the "adjusted gross estate" as defined at section 2056(c)(2). The effect of the marital deduction is that qualifying property interests avoid the double burden of being taxed once in the decedent's estate and again in the estate of the surviving spouse.

In order to obtain the marital deduction, an executor must show that a qualifying property interest passed from the decedent to a surviving spouse. Sec. 20.2056(a)-1(b), Estate Tax Regs. Terminable interests in property may not qualify for the marital deduction. Sec. 2056(b)(1). A "terminable interest" in property is an interest which will terminate or fail on the lapse of time or on the occurrence or the failure to occur of some contingency. Sec. 20.2056(b)-1(b), Estate Tax Regs. Thus, a terminable interest in property will not qualify for the marital deduction if (1) another interest in the same property passed from the decedent to some other person for less than adequate consideration and (2) by reason of its passing such other person (or his or her heirs or assigns) may possess or enjoy any part of the property after the termination of the spouse's interest. Sec. 20.2056(b)-1(c)(1), Estate Tax Regs. The legislative history indicates that the marital deduction is not to be allowed "if the only interest given a spouse is in property in which the decedent or donor also gave an interest to someone else who may possess or enjoy the property after the donee spouse dies." S. Rept. No. 1013, 80th Cong., 2d Sess., 1948 C.B. 285, 305. The goal of Congress was to allow the marital deduction tax benefits to a decedent's estate in those situations where the qualifying property interest "would be includible in the gross estate of the beneficiary or donee spouse unless it has been dissipated in the interval." S. Rept. No. 1013, *supra.* Thus, where a decedent passes by will an interest in property to a donee spouse which

consists of a life estate only, with a vested remainder in such property passing by the same will to other persons, the life estate passing to the donee spouse is a terminable interest that does not qualify for the marital deduction. In this situation the entire interest in property has not passed to the surviving spouse. Instead, the will passed various vested interests (life estate and remainder) in the property to separate persons. See sec. 20.2056(b)-1(e)(2), Estate Tax Regs. By contrast, where a decedent passes by will a life estate to a surviving donee spouse with a power in the spouse alone to appoint the entire interest received to either himself or herself or his or her estate, such life estate will qualify for the marital deduction as an exception to the terminable interest rule. See sec. 2056(b)(5); sec. 20.2056(b)-5, Estate Tax Regs. This exception is allowed because the property interest passes completely to the surviving spouse and is includable in his or her gross estate unless disposed of in the interval. S. Rept. No. 1013, *supra.*

Where a surviving spouse takes under a decedent's will, the interest in property passing to such spouse is to be determined from the will itself. S. Rept. No. 1013, *supra,* 1948 C.B. 334. In determining whether the property interest so passing is a "terminable interest" within the meaning of section 2056(b)(5) relating to life estates with power of appointment to the surviving spouse, we must also look to applicable provisions of the law of the jurisdiction under which the interest passes. Sec. 20.2056(b)-5(e), Estate Tax Regs. In this case the law of Nebraska controls the nature of the property interest passing to decedent's spouse. *Morgan v. Commissioner,* 309 U.S. 78 (1940); *Estate of Francis F. Field,* 40 T.C. 802, 807 (1963).

Respondent urges that as an experienced attorney acquainted with Nebraska law, the decedent in his will could simply have provided for the passing of a fee interest to his spouse, had that been his intention. Instead, he argues that the decedent chose to use testamentary language similar to that which the Nebraska Supreme Court has said creates only a life estate with limited powers to use and dispose of the property, citing *Annable v. Ricedorff,* 140 Neb. 93, 299 N.W. 373, 375 (1941); *Merrill v. Pardun,* 125 Neb. 701, 251 N.W. 834 (1933); *Tucker v. Myers' Estate,* 151 Neb. 359, 37 N.W. 2d 585 (1949); *Harris v. United States,* 193 F. Supp. 736 (D. Neb. 1961). Moreover, respondent asserts that under Nebraska law, the giving of a power to sell,

mortgage, use, or dispose of the property, as the life tenant may see fit, does not serve to enlarge the life estate into a fee, citing *Trute v. Skeede,* 162 Neb. 266, 75 N.W. 2d 672 (1956); *Abbott v. Wagner,* 108 Neb. 359, 188 N.W. 113 (1922). Nor does a life tenant's power to dispose of the property include the power to devise any part of the property by will. *Krause v. Krause,* 113 Neb. 22, 201 N.W. 670 (1924). Upon construing the provisions of decedent's will in accordance with these decisions of the Nebraska Supreme Court, respondent asserts that the decedent's surviving spouse received a life estate with a limited power to use, consume, and dispose of the property. The surviving spouse's relationship with the remaindermen, decedent's siblings or their heirs or assigns, was that of a quasi trustee and she was duty bound to exercise her power of disposition in good faith. Nor did her power to dispose of the property include the power to dispose of it by gift. Accordingly, he claims that the interest passing to the surviving spouse does not qualify for the marital deduction. *Estate of Walter L. Edwards,* 58 T.C. 348, 350 (1972), acq. (unpublished); *Burnett v. United States,* 314 F. Supp. 492 (D. S.C. 1970), affd. per curiam 436 F. 2d 975 (4th Cir. 1971).

Petitioner urges that the language of paragraph V of the decedent's will conveys a fee simple to his surviving spouse. The following language is noted: "It is my wish and desire that at the death of my wife whatever remains of the estate which she may have inherited from me * * * may pass to my sister Vivian and my brother Lyle." Petitioner acknowledges that the above precatory language is similar to language construed by Nebraska courts in other cases to be mandatory rather than words of request. However, petitioner points to other language of paragraph V, as follows: "It is my will and my intention that *she shall not be restricted in any manner from using or disposing of all* or any part *of said property."* (Emphasis supplied by petitioner.) Because these two parts of paragraph V appear to be conflicting, it is necessary to construe decedent's will, i.e., to determine his true intent and give effect thereto. *Olson v. Lisco,* 149 Neb. 314, 30 N.W. 2d 910 (1948); *Baldwin v. Baldwin,* 140 Neb. 823, 2 N.W. 2d 23 (1942); *Peters v. Northwestern Mutual Life Ins. Co.,* 119 Neb. 161, 227 N.W. 917 (1929). Moreover, in ascertaining the intent of the testator, a liberal interpretation should be given. *Lancaster County Bank v. Marshel,* 130 Neb. 141, 264 N.W. 470 (1936).

Petitioner points to the general rule that precatory language in a will, appearing after an absolute gift of property has been made, will not be construed as requiring that the property be held in trust. Where a testator has once made an unrestricted transfer of property, subsequent inconsistent precatory words will not be construed to show an intention to limit the transfer. 1 Bogert, Trusts, sec. 48, p. 372 (2d ed. 1965); 1 Scott, Trusts, sec. 25.2, p. 206 (3d ed. 1967); 1 Restatement of Trusts 2d, sec. 25 (1959). Petitioner argues that the law of Nebraska conforms to the general rule, citing *Howells State Bank v. Pont,* 113 Neb. 181, 202 N.W. 457 (1925); *Sandberg v. Heirs, Devisees, Legatees, Etc.,* 152 Neb. 161, 40 N.W. 2d 411 (1950). Petitioner distinguishes those cases relied upon by respondent and emphasizes that little aid is to be derived from judicial determinations in other cases unless the wills and surrounding circumstances are identical. *Estate of Wilhelmina L. Benjamin,* 44 T.C. 598 (1965). Thus, unlike the *Merrill* and *Annable* cases, *supra,* decedent's will here permits his surviving spouse to dispose of the property in her discretion without restriction in any manner. The *Tucker* case relied upon by respondent is distinguished by the fact that there was no surviving spouse to whom a property interest passed. In *Harris,* the court concluded that the decedent's overall plan was to have all the family property eventually pass to his children rather than his spouse. Petitioner concludes that under Nebraska law the decedent's surviving spouse has fee simple title with full power to sell, mortgage, or dispose of all or any part of the residue of the decedent's estate and that such property qualifies for the marital deduction.

In the alternative, petitioner contends that if under Nebraska law we find that the surviving spouse did not acquire a fee simple interest in the residue, she at least had the power to appoint during her lifetime, exercisable in all events. That power to dispose of the property passing by the decedent's will during her lifetime in any manner she saw fit, including by gift, qualifies the property interest she received for the marital deduction. Petitioner points to language in the will whereby any gifts by the surviving spouse of all or any part of the property would vest a complete fee simple title in the grantee. Any property which she had not disposed of or appointed during her lifetime would go to the decedent's sister and brother. The unlimited power to dispose of property is compared to the unlimited power to appoint the

entire principal of a trust by the surviving spouse in *Estate of Wilhelmina L. Benjamin, supra,* where this Court held such power fell within the meaning of section 2056(b)(5), thus qualifying the value of the trust for the marital deduction. In that case we noted that the decedent had no children and that it seemed that the surviving spouse was the *primary* object of decedent's bounty, rather than the decedent's nephews and nieces. Our holding there was based upon both the actual language of the will as well as the circumstances surrounding its execution. Other cases cited by petitioner support the proposition that an unlimited power of disposing of or using the entire estate qualifies such property for the marital deduction under section 2056(b)(5). See *Bone v. United States,* 238 F. Supp. 97 (W.D. Ark. 1965); *Hoffman v. McGinnes,* 277 F. 2d 598 (3d Cir. 1960); *Estate of Walter L. Edwards,* 58 T.C. 348 (1972).

Petitioner urges that we consider not only the decedent's will, but also certain other instruments executed by the decedent to assist in establishing the decedent's intent under paragraph V of his will. Contemporaneously with the drafting and execution of his will, the decedent dictated a "Memorandum and the Plan of the Will." This document was offered in evidence, together with a draft thereof with penciled notations by the decedent, as well as an affidavit by the decedent's personal secretary establishing that she prepared both the draft and final version for the decedent. The contents of the affidavit submitted have been stipulated by both parties as probable testimony if this case had gone to trial. Also submitted is a document prepared by the decedent's personal secretary at his request and direction approximately 10 days prior to execution of the decedent's will. Finally, petitioner has submitted a copy of a prior will executed by the decedent on May 13, 1953, and a codicil thereto.

These documents were never offered in the probate proceedings pertaining to the decedent's estate in the County Court of Douglas County, Nebr. Presumably there was no need to do so at that time. Respondent objects to their introduction into evidence here on the grounds that they are not competent evidence where (1) a testator's intent is to be ascertained from the will itself and (2) extrinsic evidence is not admissible in construing the provisions of such a will. Respondent further objects to their introduction on the grounds that they are irrelevant and immaterial. Neb. Rev. Stat. sec. 76-205 (Reissue 1971). *Lacy v. Murdock,* 147

Neb. 242, 22 N.W. 2d 713 (1946); *Dumond v. Dumond,* 155 Neb. 204, 51 N.W. 2d 374 (1952); *In re Dimmitt's Estate,* 141 Neb. 413, 3 N.W. 2d 752 (1942).

Petitioner acknowledges that there is language in a number of cases in Nebraska holding that the testator's intent can be determined only from the language of the will itself and that extrinsic evidence is not admissible except to clarify a patent ambiguity on the face of the will. However, petitioner stresses that this is a rule of "construction" only and does not modify any rule of substantive law. *Cast v. National Bank of Com. T & S Assn. of Lincoln,* 186 Neb. 385, 183 N.W. 2d 485 (1971); *Stuehm v. Mikulski,* 139 Neb. 374, 297 N.W. 595 (1941). Nor will this rule be applied if the result thereof be to circumvent the true intention of the testator. *Olson v. Lisco,* 149 Neb. 314, 30 N.W. 2d 910 (1948); *Baldwin v. Baldwin,* 140 Neb. 823, 2 N.W. 2d 23 (1942); *Peters v. Northwestern Mut. Life Ins. Co.,* 119 Neb. 161, 227 N.W. 917 (1929). Thus, the court may look to surrounding circumstances relating to the will. *Rasmussen v. Wedge,* 190 Neb. 818, 212 N.W. 2d 637 (1973); *Lehman v. Wagner,* 136 Neb. 131, 285 N.W. 124 (1939).

We agree with petitioner both as to the admissibility of the evidence offered and as to the qualification of the property in issue for the marital deduction.

We have reviewed each case cited by both parties. It is our understanding that in Nebraska the general rule is that the provisions and conditions of a will are to be construed with a view to carrying out the intention of the testator. Unlike other common law jurisdictions, where a will makes an absolute bequest followed by bequest of a remainder interest to a different legatee, the two clauses are to be construed together to ascertain testator intent. The second clause will define and limit the first bequest to a life estate with power of disposition, while creating a remainder in the unused, unexpended, and undisposed property granted for life by the first bequest. *Merrill v. Pardun, supra* at 836; *Tucker v. Myers' Estate, supra* at 587-588. However, where language in a will expresses a testator's wish, request, desire, or the like, as distinguished from a command, such language will not ordinarily be construed as mandatory, but precatory only. *Sandberg v. Heirs, Devisees, Legatees, Etc., supra* at 413. Hence, mere "precatory" language will not be construed to define or limit an absolute first bequest to a life estate only.

The basic objective of will construction is to ascertain the intent and purpose of the testatator as shown by the language employed in the will. *Rasmussen v. Wedge, supra* at 640. In addition to the language expressed within the four corners of the instrument, however, Nebraska courts have also looked for evidence of intent to other circumstances such as the relations between the parties and their respective financial situations, *Annable v. Ricedorff, supra* at 377; whether the person benefited is a natural object of the testator's bounty, *Merrill v. Pardun, supra* at 836; *Tucker v. Myers' Estate, supra* at 589; and facts and circumstances surrounding the situation under which the will is executed such as prior declarations and actions by the decedent, *In re Dimmitt's Estate, supra* at 759; *Lehman v. Wagner, supra* at 126-127. Moreover, if there is a latent ambiguity in a will, as distinguished from a patent ambiguity appearing on the face of the will, extrinsic evidence is admissible to determine testator intent. *Dumond v. Dumond, supra* at 375. In the instant case there is no patent ambiguity on the face of decedent's will. The language used includes conventional words, such as "It is my wish and desire," "It would be my wish," contained in paragraph V. The words themselves are ordinary precatory words of desire and request, but not necessarily mandatory. The only ambiguity present appears more latent, i.e., outside the actual language employed and in the mind of the reader of the will. Because such latent ambiguity is present, we must look to other evidence submitted in this case to ascertain the decedent's true intent.

Petitioner's evidence offers additional information regarding circumstances surrrounding the execution of the decedent's will. We find the "Memorandum and the Plan of the Will," and a separate document prepared 10 days prior to execution of the will, admissible for our consideration under the holdings of *In re Dimmitt's Estate, supra,* and *Lehman v. Wagner, supra,* both decisions of the Supreme Court of Nebraska. These documents are identified to our satisfaction by affidavit of decedent's personal secretary as being prepared at the decedent's direction in connection with the execution of his will. Moreover, both parties have stipulated that the contents of this affidavit would be probable testimony at trial. We note also that respondent, by such stipulation, has abandoned any attempt at cross-examination of the decedent's personal secretary's testimony.

The two documents indicate that the decedent wished a remainder interest to go to his brother and sister. But, as to his wife, he stated:

I want Gertrude to have all the rest of my estate * * * But there are to be no strings on it during her lifetime. She can dispose of all or any part of it as she sees fit. * * * I express my desire that all of the estate of which I may die possessed may go to my brother and sister in equal shares, but do not make it obligatory on Gertrude to so provide in her will.

* * *

(Plan of Will)

Remember that it is not necessary that you leave anything when you die although I would like it if there should be a little something left for Lyle and Vivian and their children.

* * *

You have no trusts to bother with, as some people do. * * *

(Separate File Memorandum)

The decedent was an experienced attorney apparently familiar with Nebraska estate law. His brother Lyle was also an experienced attorney in his own right. No conflict ever arose in the probate proceedings where it was determined that the decedent's spouse received the bulk of his estate apparently in fee simple. Nor did the probate court impose upon her a life estate with a vested remainder in decedent's brother or sister. It is evident from all the facts and circumstances that decedent's spouse was the natural object of his bounty, there being no children born to them. The language of paragraph V explicitly vests in decedent's spouse all the residue of the estate "with full power to sell, mortgage, or dispose of, in her discretion and as she may see fit."

Even more clearly, it states: "It is my will and my intention that *she shall not be restricted in any manner* from using or disposing of all or any part of said property." When viewed together with other facts and circumstances surrounding the execution of decedent's will, this language is the clearest expression of the decedent's intent. We find that the subsequent language of "wish and desire" are merely precatory and do not create a vested remainder in the decedent's brother and sister. At most, such precatory language creates a life estate in the surviving spouse with full power of appointment in her sufficient to qualify as an exception to the "terminable interest" rule contained at section 2056(b)(5).

510

Accordingly, whether the property is viewed either as passing in fee simple to decedent's surviving spouse or as part of a life estate to her with full power of appointment, we conclude and hold that the property in issue qualifies for the marital deduction. *Tyler v. United States,* 468 F. 2d 959 (10th Cir. 1972). Cf. *Estate of George C. Mackie,* 64 T.C. 308 (1975).

*Decision will be entered under Rule 155.*